UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC EDMISTON, a single man, in his individual capacity and as guardian of A.E., and A.E., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILD PROTECTIVE SERVICES, a state and government and its division and agency, DIVISION OF CHILDREN AND FAMILY SERVICES, MAUREEN MARTIN, LARRY HAYDEN, KAREN KREMKAU,<br><br>Defendants. | CASE NO. C07-5379RJB<br><br>**ORDER RENOTING PLAINTIFF'S MOTION FOR RELEASE OF CONFIDENTIAL RECORDS** |

This matter comes before the Court on Plaintiff's Motion for Release of Confidential Records. Dkt. 35. The Court has reviewed the motion and the file, and is fully advised.

**I.     FACTS**

On July 27, 2007, this matter was removed from Clallam County Washington Superior Court. Dkt. 1. The Complaint alleges that A.E. was the subject of a state initiated dependency action. Dkt. 3, at 5. According to the Complaint, during the pendency of the action, A.E. was placed in foster homes and spent time in his mother's care. *Id*. The Complaint alleges that A.E.'s father and Plaintiff here, Eric Edmiston, was allowed only supervised visitation. *Id*. According to

ORDER
Page 1

1   the Complaint, as a result of Defendants' actions, A.E. suffered emotional and physical harm. *Id.*,
2   at 7. The dependency action was dismissed on August 18, 2005. *Id.* Plaintiffs make the
3   following claims: 1) violation of Plaintiffs' Substantive Due Process rights, 2) violation of RCW
4   26.44.010, 3) violation of civil rights pursuant to 28 U.S.C. § 1983, 4) negligent infliction of
5   emotional distress, 5) negligent investigation, 6) alienation of child's affections, and 7) assault.
6   *Id.* at 7-10.

7         Plaintiff now moves this Court for an order requiring the Defendants State of Washington
8   and Department of Social and Health Services ("DSHS") to disclose the contents of all social and
9   legal files relating to Marcie Ramsey, A.E.'s mother. Dkt. 35. Plaintiff argues that Ms. Ramsey is
10  well known to Defendants because of a prior guardianship proceeding involving Ms. Ramsey and
11  another of her children, K.T. *Id.* Plaintiff argues that Defendants knew of Ms. Ramsey's chronic
12  alcoholism and various failed attempts at rehabilitation. *Id.*, at 4. Plaintiffs argue that despite
13  "years of experience and reams of records regarding Ms. Ramsey and her alcoholism, the
14  Defendants, and each of them, continued to expose A.E. to potential danger and neglect by
15  placing the minor child in her care." *Id.* Plaintiffs argue that records of the prior guardianship are
16  relevant and necessary for the Plaintiffs to prepare for trial. *Id.*, at 5. Plaintiffs include a
17  certificate of service upon Steven Gish, who the pleading identifies as attorney for Marcie
18  Ramsey. *Id.*, at 6. Plaintiffs make no showing that Mr. Gish represents Ms. Ramsey. There is no
19  evidence that K.T., who is 16 years of age (Dkt. 40, at 1), or her guardians have any knowledge
20  of these proceedings. There is no evidence in the record that a guardian ad litem ("GAL") has
21  been appointed to protect K.T.'s interests. The Court notes that neither Ms. Ramsey nor K.T. is
22  a party to this case.

23        Defendants oppose the motion arguing that it is unsupported by law and is frivolous. Dkt.
24  40, at 5. Defendants argue that state law designates that DSHS records as privileged and
25  confidential. *Id.* Defendants argue that Plaintiffs' request does not justify invading non-party
26  privacy interests and that Plaintiffs have not established good cause for release of the records. *Id.*,
27  at 9-10. Defendants further argue that if production of portions of these non-party individuals'
28

ORDER
Page 2

1  DSHS records are authorized, production should be subject to in camera review and/or a

2  protective order. *Id.*, at 10-11.

3    Plaintiff replies, and argues that the extent of Defendants' knowledge, created by their past

4  dealings with Ms. Ramsey, is "much needed by Plaintiff in order to adequately prepare for trial.

5  The depositions and any further discovery avenue, other than a request for records, would not

6  reveal the extent of defendants's knowledge." Dkt. 42, at 3. Plaintiffs argue that privacy

7  concerns can be addressed through a protective order. *Id.*

8  **II.    DISCUSSION**

9    Fed. R. Civ. P. 26 (b)(1) provides,

10   Unless otherwise limited by court order, the scope of discovery is as follows:
     Parties may obtain discovery regarding any nonprivileged matter that is relevant to
11   any party's claim or defense--including the existence, description, nature, custody,
     condition, and location of any documents or other tangible things and the identity
12   and location of persons who know of any discoverable matter. For good cause, the
     court may order discovery of any matter relevant to the subject matter involved in
13   the action. Relevant information need not be admissible at the trial if the discovery
     appears reasonably calculated to lead to the discovery of admissible evidence.
14
     Plaintiffs make an adequate showing that the records of the prior guardianship are relevant
15
   to the case at bar. The Defendants past knowledge of Ms. Ramsey may well be relevant to
16
   Plaintiffs' allegations. The answers individual Defendants gave at the depositions, (e.g. "I don't
17
   know"), show that Plaintiffs were unable to get the needed information through deposition
18
   testimony.
19
     Under Washington law, the records requested are privileged. Pursuant to RCW
20
   74.04.060,
21
     For the protection of applicants and recipients, the department and the county
22   offices and their respective officers and employees are prohibited, except as
     hereinafter provided, from disclosing the contents of any records, files, papers and
23   communications, except for purposes directly connected with the administration of
     the programs of this title. In any judicial proceeding, except such proceeding as is
24   directly concerned with the administration of these programs, such records, files,
     papers and communications, and their contents, shall be deemed privileged
25   communications . . . .

26  RCW Title 74, "Public Assistance," includes the children's services of DSHS, including Child

27  Protective Services. RCW 74.13, 74.14A, and 74.15. Defendants are, in essence, requesting a

28
ORDER
Page 3

1 protective order regarding these privileged records. Fed. R. Civ. P. 26(c)(1) allows the Court, for
2 good cause, issue an order "to protect a party or person from annoyance, embarrassment,
3 oppression . . . ." The Court can forbid the discovery, specify the terms for the discovery,
4 prescribe a discovery method, forbid inquiry into certain matters, or limit the scope of discovery.
5 *Id.* (A)-(D).

6      In light of the significant privacy concerns for K.T. and to a lesser extent for Ms. Ramsey,
7 Plaintiffs should ensure that both Ms. Ramsey and K.T. (or at a minimum her legal guardians) are
8 given notice of these proceedings and an opportunity to be heard. Due process requires no less.
9 Ms. Ramsey may need to be personally served. A GAL may need to be appointed for K.T.
10 Pursuant to Fed. R. Civ. P. 17(c),

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Parties should further brief the issue of whether a GAL is required to protect K.T. Defendants have shown that there is good cause to create a discovery plan for the prior guardianship records which protects the interested parties. Accordingly, Plaintiffs' Motion for Release of Confidential Records (Dkt. 35) should be renoted for June 13, 2008 to give Plaintiffs time to give both Ms. Ramsey and K.T. notice and an opportunity to be heard, and so that the parties can file briefs on whether a GAL should be appointed for K.T.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Motion for Release of Confidential Records (Dkt. 35) is **RENOTED** for **June 13, 2008** to give Plaintiffs time to give both Ms. Ramsey and K.T. notice and an opportunity to be heard,

- Parties can file briefs on whether a guardian ad litem should be appointed for K.T., if any, shall be filed by June 12, 2008, and

ORDER
Page 4

1 • The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of May, 2008 .

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER
Page 5