UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC EDMISTON, a single man, in his individual capacity and as guardian of A.E., and A.E., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILD PROTECTIVE SERVICES, a state and government and its division and agency, DIVISION OF CHILDREN AND FAMILY SERVICES, MAUREEN MARTIN, LARRY HAYDEN, KAREN KREMKAU,<br><br>Defendants. | CASE NO. C07-5379RJB<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

This matter comes before the Court on Defendants' Motion to Compel Responses to Interrogatories and Requests for Production. Dkt. 36. The Court has reviewed the pleadings related to the motion, and is fully advised.

Discovery in this case should now be complete, and dispositive motions are due for filing on 24 June 2008. Dkt. 20. It is apparent that Plaintiffs' response to discovery requests have not been carefully considered and prepared in accord with the Federal Rules of Civil Procedure. It is not clear whether all responses have been under oath as required by Fed. R. Civ. P. 33(b)(3). Certainly, as reflected in Plaintiffs' response to this motion, some information may not be

ORDER
Page 1

available to Plaintiffs but, if information cannot be supplied in response to interrogatories and requests for production, the response that it is unavailable or nonexistent should be under oath.

Plaintiffs are now in danger of losing some of their claims and theories of damages because of failure of discovery or lack of admissible evidence.  Plaintiffs should forthwith carefully review all requested discovery and responses thereto to insure that all responses are in fact responsive, under oath, and that they comply with the rules, with special emphasis paid on responding completely to those requests highlighted in Defendants' Motion to Compel.  In addition to the foregoing, Plaintiffs should request from the IRS copies of tax returns for 2001-2003.

Plaintiffs must, of course, continue to supplement all discovery responses if new information becomes available.

Plaintiffs should file and serve responses to the discovery highlighted in Defendants' Motion to Compel Responses forthwith and no later than 13 June 2008 bearing in mind that the viability of Plaintiffs' various claims are at stake.

The Court is concerned with the possibility that Plaintiffs' counsel may be a necessary witness if some of her fees are claimed as an item of damages.  *See* Rule of Professional Conduct 3.7.  The Court is also concerned whether claiming such fees may of necessity waive any attorney client privilege arising from such representation.  The Court here raises these issues only to encourage counsel to deal with them appropriately long before the pretrial conference.

For the foregoing reasons, it is now **ORDERED** that:

- Defendants' Motion to Compel Responses to Interrogatories and Requests for Production (Dkt. 36) is **GRANTED** to the extent stated above, and
- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of June, 2008.

ORDER
Page 2

_____
ROBERT J. BRYAN
United States District Judge

ORDER
Page 3