|   |   |
|---|---|
| ERIC EDMISTON, a single man, in his individual capacity and as guardian of A.E., and A.E., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILD PROTECTIVE SERVICES, a state and government and its division and agency, DIVISION OF CHILDREN AND FAMILY SERVICES, MAUREEN MARTIN, LARRY HAYDEN, KAREN KREMKAU,<br><br>Defendants. | CASE NO. C07-5379RJB<br><br>**ORDER REMANDING CASE AND STRIKING MOTIONS TO STRIKE AND MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. 51), Defendants' Motion to Strike (Dkt. 84), Defendants' Third Motion for Partial Summary Judgment (Dkt. 91), Defendants' Motion to Strike Plaintiffs' Amended Response (Dkt. 116), Defendants' Memorandum Re: State Claims Under 28 U.S.C. § 1367(c) (Dkt. 117), and Plaintiffs' Brief Showing No Cause for Why Supplemental Jurisdiction Should Not Be Declined (Dkt. 118). The Court has reviewed the pleadings and the file, and is fully advised.

/

ORDER
Page 1

## I. FACTS

On July 27, 2007, this matter was removed from Clallam County, Washington Superior Court. Dkt. 1. The Complaint alleges that A.E. was the subject of a dependency action that was initiated by the State of Washington Department of Social and Health Services ("DSHS") and the named Defendants. Dkt. 3, at 5. According to the Complaint, during the pendency of the action, A.E. was placed in several foster homes and spent time in his mother's care. *Id*. The Complaint alleges that A.E.'s father, Eric Edmiston, was allowed only supervised visitation. *Id*. According to the Complaint, as a result of Defendants' actions, A.E. suffered emotional and physical harm. *Id*., at 7.

A review of the events that led to the filing of this action are recounted at length in this Court's Order Granting Defendants' Second Motion for Partial Summary Judgment (Dkt. 106, at 1-8) and are incorporated herein by this reference. That Order dismissed, with prejudice, Plaintiffs' federal constitutional claims brought pursuant to 28 U.S.C. § 1983. *Id*. In light of the fact that the only claims remaining were state law claims, parties were then ordered to show cause why this Court should not decline to exercise supplemental jurisdiction and why this matter should not be remanded to Clallam County, Washington Superior Court, if any they had. *Id*.

Defendants' Motion for Partial Summary Judgment (Dkt. 51), which moves for dismissal of Plaintiffs' state law negligent investigation and multiple placement claims, was renoted for July 18, 2008 to be considered with the Defendants' Third Motion for Partial Summary Judgment (Dkt. 91) and the Responses to the Order to Show Cause. *Id.* The Third Motion for Partial Summary Judgment moves for dismissal of Plaintiffs' state claims of negligent infliction of emotional distress, assault, and alienation of a child's affections. Dkt. 91.

Parties have fully briefed the Court on the motions and order to show cause. Plaintiffs inform the Court that they do not object to the remand of this action. Dkt. 118. Defendants acknowledge that it is within the Court's discretion to remand the matter at this time, but urge the Court to first address the pending Motions for Summary Judgment. Dkt. 117. This opinion will first address the whether the exercise of supplemental jurisdiction is appropriate in the

circumstances.

**II.     DISCUSSION**

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. First, all Plaintiffs' federal claims have been dismissed. Dkt. 106. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Second, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1). For example, in order to determine whether Plaintiffs' negligence claims survive summary judgment, the undersigned may have to determine whether RCW 26.44.010 implies a private cause of action, *See Bennett v. Hardy,* 113 Wn.2d 912 (1990), a determination for which the state court is uniquely suited. Accordingly, the value of comity may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001. Additionally, this Court would have to decide whether under Washington law, the state owed a duty to Plaintiffs. *Taylor v. Stevens County,* 111 Wn.2d 159, 163 (1988). Under the public duty doctrine in the state of Washington, "no liability may be imposed for a public official's negligent conduct unless it is shown that 'the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general ( *i.e.,* a duty to all is a duty to no one).'" *Id.*   However, Washington recognizes four exceptions to the public duty doctrine. *Babcock v. Mason County*

1 *Fire District,* 144 Wn.2d 774, 786 (2001). A further determination of the exact contours of the duty owed and any applicable state specific exceptions may have to be made by the Court. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is benefitted by this Court declining to decide these state law issues.

The values of economy, convenience, and fairness are well served by this Court's declining to exercise supplemental jurisdiction. *Acri* at 1001. Plaintiffs point out that all the parties live in Clallam County Washington, providing a more economical and convenient trial forum. Dkt. 118. Although parties have fully briefed the pending summary judgment motions, refiling them in state court does not create an undue burden. In consideration of the values announced in *Acri,* this Court should decline to exercise supplemental jurisdiction.

This matter should be remanded to Clallam County, Washington Superior Court. All pending motions, including Defendants' Motion for Partial Summary Judgment (Dkt. 51), Defendants' Motion to Strike (Dkt. 84), Defendants' Third Motion for Partial Summary Judgment (Dkt. 91), and Defendants' Motion to Strike Plaintiffs' Amended Response (Dkt. 116) should be stricken from this Court's calender.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- This matter is **REMANDED** to Clallam County, Washington Superior Court;
- The Clerk is directed to **STRIKE** any and all pending motions; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th of August, 2008.

ROBERT J. BRYAN
United States District Judge